IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

LAWRENCE TUCEI                                                    PLAINTIFF

v.                                              Civil No. 1:22-cv-78-HSO-BWR

BP EXPLORATION &
PRODUCTION, INC. and
BP AMERICA PRODUCTION
COMPANY                                                          DEFENDANTS

### ORDER GRANTING IN PART AND DENYING IN PART [33] MOTION TO EXTEND DEADLINE TO MODIFY COURT'S SCHEDULING ORDER; DENYING [35] MOTION REQUEST FOR ORAL ARGUMENT

Before the Court is the [33] Motion to Extend Deadline to Modify Court's Scheduling Order and [35] Motion Request for Oral Argument filed by Plaintiff Lawrence Tucei ("Plaintiff"). Defendants BP Exploration & Production Inc., and BP America Production Company (collectively "Defendants") have filed a [36] [37] Response in Opposition to both. For the reasons that follow, the Court will grant in part and deny in part the [33] Motion to Extend Deadline to Modify Court's Scheduling Order and deny the [35] Motion Request for Oral Argument.

## I. DISCUSSION

A.    Motion to Modify Court's Scheduling Order

1.    **Relevant Legal Authority**

"District courts must have the power to control their dockets by holding litigants to a schedule." *Shepherd v. City of Shreveport*, 920 F.3d 278, 288 (5th Cir. 2019). Federal Rule of Civil Procedure 16(b) provides that once a scheduling order

has been entered, it "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

In determining whether the movant has met its burden under Rule 16(b)(4), the Court considers four factors: (1) the party's explanation for its failure to meet the deadline, (2) the importance of the requested relief, (3) potential prejudice in granting the relief, and (4) the availability of a continuance to cure such prejudice. *S&W Enters., LLC v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003); *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990).

### 2.   Analysis

The first factor requires an explanation for the failure to meet the existing deadlines. *S&W Enters.*, 315 F.3d at 535. The mere existence of an explanation is insufficient. The moving party must present the Court with a "plausible" explanation for his failure to comply with the existing deadline. *E.E.O.C. v. Service Temps Inc.*, 679 F.3d 323, 334 (5th Cir. 2012).

Plaintiff contends that Defendants' conduct and the conduct of its "incentivized contractors" have rendered him unable to meet the existing case management deadlines. Mem. [34] at 14, 20; Reply [37] at 7. Plaintiff asserts that one of those "incentivized contractors," the Center for Toxicology and Environmental Health, only recently turned over a "massive" number of documents. Mem. [34] at 6. While another, Battelle Labs, only recently made the first of its three rounds of production. *Id.* at 6-7. Plaintiff further asserts that a months-long subpoena fight with another "incentivized contractor," Exponent, Inc., and obstructions to deposing another

"incentivized contractor," NALCO (now "Champion X"), have also rendered him unable to meet the existing case management deadlines. *See id*. at 17-19. Because Plaintiff has presented the Court with a "plausible" explanation for the failure to meet the existing deadlines, this factor favors granting Plaintiff's request.

The second factor requires consideration of the importance of the requested relief. *S&W Enters.*, 315 F.3d at 535. Put differently, the Court considers the significance of the scheduling order modification to the moving party's case. *See, e.g., Geiserman*, 893 F.2d at 791.

Plaintiff contends that without the requested extensions, he cannot conduct the necessary discovery to demonstrate the unreliability of Defendants' data, upon which Defendants' experts allegedly will rely. Mem. [34] at 12. Plaintiff further contends that without the extensions, he will effectively be forced to try his case without an expert to testify on medical causation—an essential element of Plaintiff's claim. *Id*. at 10-13; Reply [37] at 6. Defendants counter that Plaintiff has failed to demonstrate the importance of the third-party discovery to this specific case. Resp. [36] at 5-6. Defendants further counter that Plaintiff has failed to demonstrate how the discovery will help Plaintiff overcome the medical causation burden. *Id*. at 6-7.

Considering the foundation of Plaintiff's arguments – that the existing data was tainted, and the requested extensions are necessary to allow him to obtain untainted data and have it considered by his experts – the Court cannot say that it is unimportant. However, the Court appreciates Defendants' arguments that Plaintiff has failed to precisely identify the importance of the discovery from the "incentivized

contractors" to this specific case or to indicate the existence of an expert witness willing to testify in support of Plaintiff's allegations. Therefore, the Court finds that this factor is neutral or slightly favors granting Plaintiff's request.

The third factor requires weighing the potential prejudice in granting the requested relief. *S&W Enters.*, 315 F.3d at 535. Specifically, the Court considers whether a scheduling order modification will prejudice the nonmoving party. *See, e.g., Southwestern Bell Telephone Co. v. City of El Paso*, 346 F.3d 541, 547 (5th Cir. 2003).

Plaintiff contends that granting his requested extensions poses no potential prejudice to Defendants. Mem. [34] at 22. According to Plaintiff, because Defendants are defending numerous other oil spill cases, whether they designate on the original deadline or an extended deadline, Defendants will still have to retain experts, and Defendants will face no more costs than they would already be expending. *Id.* at 23. Defendants counter that granting Plaintiff's requested extensions to allow "late-initiated third-party discovery" would prejudicially delay the resolution of this matter and result in increased costs. Resp. [36] at 10.

With respect to this factor, the Court finds that granting the requested extensions would result in some prejudice. Granting the requested extensions would prejudicially delay the resolution of this matter, which was initially filed on October 22, 2021, Compl. [1], and result in increased costs. However, this is the first requested extension of any deadlines in this matter. For that reason, the Court finds that this factor favors granting Plaintiff's requested extensions.

Under the fourth factor, the Court considers the availability of a continuance to cure such prejudice. *S&W Enters.*, 315 F.3d at 535. Important considerations include whether the continuance will result in "additional delay and increase[] the expense of" litigating and whether granting a continuance would "deter future dilatory behavior, []or serve to enforce local rules or court imposed scheduling orders." *Geiserman*, 893 F.2d at 792.

Defendants argue that a continuance would not cure the resulting prejudice because it would unnecessarily delay the trial. Resp. [36] at 9-10. As the Court previously determined, some prejudice would result to Defendants if Plaintiff's requested extensions were granted. However, Plaintiff's argument that an extension would not necessitate any change in Defendants' need to designate experts for this and other oil spill-related cases is well taken. To cure any potential prejudice and ensure the efficient resolution of this matter, the Court will grant this extension of the existing case management deadlines.[1]

As Plaintiff explains, he needs additional time to review the discovery produced by BP and its "incentivized contractors" and then to proceed with Rule 30(b)(6) depositions of BP and the "incentivized contractors," before being able to incorporate this "new evidence" into his expert's reports. Mem. [34] at 7. Yet, it seems that even that will not conclude discovery. As later stated, "Plaintiff anticipates the need to conduct additional discovery in this case, as well as enforcing third-party

---

[1] This determination is also supported by the Court's inherent power to control the docket and ensure that cases proceed in a timely and orderly manner. *See Marinechance Shipping, Ltd. V. Sebastian*, 143 F.3d 216, 218 (5th Cir. 1998).

discovery generally applicable to all BP plaintiffs represented by" Plaintiff's counsel. *Id*. at 13. However, "[a]t some point, discovery must end . . . Otherwise, the case management process is rendered meaningless.*" Hughes v. Boston Sci. Corp*., Civ. No. 2:08-cv-79, 2009 WL 3031680, at *2 (S.D. Miss. Sept. 17, 2009). An amended case management order will be entered setting the new deadlines.

B.   Motion Request for Oral Argument

Local Rule 7(b)(6)(A) provides that "[t]he court will decide motions without a hearing or oral argument unless otherwise ordered by the court on its own motion or, in its discretion, upon written request made by counsel . . . ." L. U. Civ. R. 7. Given the Court's familiarity with the issues presently raised, having reviewed almost verbatim arguments in numerous other cases, the Court finds it unnecessary to hold oral argument. Therefore, the [35] Motion will be denied.

## II. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that the [33] Motion to Extend Deadline to Modify Court's Scheduling Order filed by Plaintiff Lawrence Tucei is **GRANTED IN PART AND DENIED IN PART**. An amended case management order will be entered setting the new deadlines.

**IT IS, FURTHER, ORDERED** that, the [35] Motion Request for Oral Argument filed by Plaintiff Lawrence Tucei is **DENIED**.

**SO ORDERED**, this the 19th day of January 2023.

s/ *Bradley W. Rath*
BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE